**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| | ) | |
| ALAIN JEAN-PAUL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 4:25-cv-40192-MRG |
| | ) | |
| TD BANK, N.A., | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER ON DEFENDANT'S MOTION TO DISMISS AND MOTION FOR A MORE**
**DEFINITE STATEMENT (ECF No. 5)**

**GUZMAN, J.**

Plaintiff Alain Jean-Paul brings this action *pro se* against Defendant TD Bank, N.A., seeking damages arising from several alleged interactions with Defendant during 2023. Before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) and in the alternative, Motion for a More Definite Statement. [ECF No. 5]. For the reasons stated below, Defendant's Motion to Dismiss is **DENIED** and Defendant's Motion for a More Definite Statement is **GRANTED**.

## I.    BACKGROUND

### A.  Relevant Facts

On August 24, 2023, Plaintiff deposited a $3,619.79 check at one of Defendant's branch locations in Auburn, MA. [Complaint ("Compl."), ECF No. 1-1 at 6]. The funds were placed on a hold following the deposit and Plaintiff was unable to access the funds until September 1, 2023, when Plaintiff called the branch manager stating he would "file a complaint against Defendant." [Id.] Plaintiff alleges this hold forced him to liquidate digital assets to cover his obligations at a loss of several thousand dollars. [Id. at 7]. Following the phone call, Defendant allegedly engaged

in retaliatory actions against Plaintiff including holding a $456 refund from a car rental for several days, failing to provide "overdraft fee protection" when Plaintiff's account had insufficient funds, declining to process a funds transfer from Plaintiff's sister, and subjecting Plaintiff to questioning during a cash withdrawal that allegedly took "longer than usual." [Id.] Plaintiff further alleges these incidents caused him such mental and emotional harm that he failed his medical board examinations and was left with a "clinical condition" rendering him unable to drive a car. [Id.]

### B. Procedural History

Plaintiff commenced this action in Massachusetts Superior Court on May 19, 2025. [ECF No. 10 at 117]. On October 3, 2025, Plaintiff submitted an Application for Entry of Default. [Id.] The Superior Court was unable to rule on this application because Plaintiff had yet to provide the court with proof of service. [Id.]. On October 21, 2025, service was made to Defendant. [Id.]. On November 17, 2025, Defendant was granted extended time to answer Plaintiff's complaint and two days later removed the case to this Court on diversity grounds. [Id. at 117–18; ECF No. 1]. On November 25, 2025, Defendant filed the instant motions, to which Plaintiff filed an opposition on December 2, 2025. [ECF Nos. 5 & 7].

## II. LEGAL STANDARDS

### A. Insufficient Service of Process

"Before a federal court may exercise personal jurisdiction over a defendant, proper service of process must be effected." Morales v. Spencer, 52 F. Supp. 3d 362, 364 (D. Mass. 2014) (citing Omni Capital Int'l Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987)). A motion under Rule 12(b)(5) provides a means to contest the way service of process was performed. See Fed. R. Civ. P. 12. When contested, the "plaintiff bears 'the burden of proving proper service.'" Id. at 365 (quoting Lopez v. Municipality of Dorado, 979 F.2d 885, 887 (1st Cir. 1992)). After a showing of

insufficient service of process, the Court generally "'has broad discretion to either dismiss a complaint' or in instances when 'there exists a reasonable prospect that service may yet be obtained' to 'quash service of process.'" Am. Well Corp. v. Indegene Ltd., 761 F. Supp. 3d 249, 256 (D. Mass. 2024) (quoting Cutler Assocs. v. Palace Constr., LLC, 132 F. Supp. 3d 191, 194 (D. Mass. 2015)).

### B. Motion for a More Definite Statement

"If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 514 (2002). Such a motion "is only appropriate where the pleading 'is so vague or ambiguous that the party cannot reasonably prepare a response.'" Bryan Corp. v. ChemWerth, Inc., 911 F. Supp. 2d 103, 111 (D. Mass. 2012) (quoting Fed. R. Civ. P. 12(e)). Under the Rule 8 pleading standard, a plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Specifically, a plaintiff's complaint must satisfy the two-pronged requirement in Rule 8(a)(2) of "a short and plain statement of the claim showing that the pleader is entitled to relief." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 8 (1st Cir. 2011). These statement(s) must give defendant "fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

### III. DISCUSSION

### A. Insufficient Service of Process

As this action was initiated in Massachusetts state court, and service was effectuated before removal to this Court, Massachusetts law must be applied to determine the validity of service. See

Osborne v. Sandoz Nutrition Corp., 1995 WL 597215, at *2 (1st Cir. Oct. 6, 1995) ("state law governs sufficiency of process prior to removal"); Fed. R. Civ. P. 81(c)(1) (providing that Fed. R. Civ. P. may only be used after a case is removed). Massachusetts Rule of Civil Procedure Rule 4(j) provides that:

> If a service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Mass. R. Civ. P. 4(j). While the cognate federal rule grants the court discretion in dismissing an action absent a showing of good cause, "[u]nder the Massachusetts rule, absent a showing of good cause, the court *must* dismiss the action without prejudice." Crossetti v. Cargill, Inc., No. 3:18-CV-30002-KAR, 2018 WL 2770130, at *5 (D. Mass. June 8, 2018), aff'd, 924 F.3d 1 (1st Cir. 2019); see Fed. R. Civ. P. 4(m) ("the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time") (emphasis added). Good cause under Rule 4(j) "'is a stringent standard requiring diligen[t] albeit unsuccessful effort to complete service within the period prescribed by the rule.'" Crossetti, 924 F.3d at 4 (quoting Comm'r of Revenue v. Carrigan, 698 N.E.2d 23, 26 (1998)) (internal quotation marks omitted). Although differences exist as noted above, judicial interpretations of "good cause" under Fed. R. Civ. P. 4(m) can be instructive in further interpreting Rule 4(j). See Sahin v. Sahin, 758 N.E.2d 132, 137 n.7 (2001) ("As a general principle, the Massachusetts Rules of Civil Procedure are given the same construction as the cognate Federal rules."). Under Rule 4(m),

> Good cause is likely, but not necessarily, found where: (1) "the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server"; (2) "the defendant has evaded service of the process or engaged in misleading conduct"; (3) "the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances"; or (4) "the plaintiff is proceeding pro se or in forma pauperis."

4

Radfar v. Crowley, 568 F. Supp. 3d 113, 116 (D. Mass. 2021) (quoting Martello v. United States, 133 F. Supp. 3d 338, 344–45 (D. Mass. 2015)).

Here, Plaintiff filed his initial Complaint on May 19, 2025, leaving a service deadline of August 17, 2025. [ECF No. 10 at 117]. Defendant was not served until October 21, 2025, over two months after this deadline expired. [Id. at 54]. As service was completed outside the 90-day deadline prescribed by Rule 4(j), there must be some showing of good cause by Plaintiff. See Comm'r of Revenue, 698 N.E.2d at 28 ("noncompliance with rule 4(j) absent good cause merits dismissal of the complaint[.]")

To demonstrate good cause, Plaintiff asserts that his first attempt at service only failed because of an inaccurate address on Defendant's website. [ECF No. 7 at 2]. Accepting Plaintiff's allegation as true, this initial attempt, standing alone, would not satisfy the "stringent standard" of good cause under Rule 4(j). A singular attempt to effectuate service with no further efforts despite never receiving proof of service cannot, under ordinary circumstances, be characterized as "diligent." See Pantos v. Zarozny, 2011 Mass. App. Div. 226, at *3 (W. Dist. 2011), aff'd, 87 Mass. App. Ct. 1129, 32 N.E.3d 368 (2015) ("failure to undertake more than a single, unsuccessful attempt at service at the wrong address and to check or verify the constable's return on that ineffective service suggests mere inadvertence or neglect rather than diligent effort. Inadvertence, lassitude, and half-hearted efforts obviously fail to constitute Rule 4(j) good cause.")

Plaintiff next points to phone calls with Defendant's counsel, claiming this demonstrates actual notice of the suit and a lack of prejudice from any delay in service. [ECF No. 7 at 2, 4]. This argument is unavailing as "neither the defendant's actual knowledge of the lawsuit, nor the lack of any prejudice from the delay in service, is a relevant factor in a Rule 4(j) analysis." Crossetti, 2018

5

WL 2770130, at *4 (citing Comm'r of Revenue, 698 N.E.2d at 315–16; Shuman v. The Stanley Works, 571 N.E.2d 633, 635 n.3 (1991)).

What remains is an argument tied to Plaintiff's *pro se* status. While *pro se* litigants are bound by the rules of procedure, "some leniency is appropriate in determining whether *pro se* litigants have complied with [them]." Brown v. Chicopee Fire Fighters Ass'n, Loc. 1710, IAFF, 562 N.E.2d 87, 89 n.4 (1990). As Massachusetts courts have yet to squarely decide the extent to which a plaintiff's *pro se* status affects a determination of good cause, "we are guided by judicial interpretations of the cognate Federal Rule." Stevens v. Bradlees, Inc., 1995 Mass. App. Div. 9, at *2 (N. Dist. 1995). Under Federal Rule 4(m), "[g]ood cause is generally found when a plaintiff is proceeding pro se[,]" Kathuria v. Dental Dreams, LLC, No. CV 17-30077-MGM, 2018 WL 11513128, at *2 (D. Mass. Feb. 6, 2018) (citing McIsaac v. Ford, 193 F. Supp. 2d 382, 383 (D. Mass. 2002), though it "'is not automatically enough to constitute good cause[.]'" Evans v. Staples, Inc., 375 F. Supp. 3d 117, 120 (D. Mass. 2019) (quoting Ayele v. Delta Airlines, Inc., 2018 WL 6001021, at *3 (D. Mass. Nov. 15, 2018)). Looking at the even more similar pre-1993 amendment Federal Rule 4(j), "the First Circuit has made it clear that [it] is not to be applied in a harsh and inflexible manner." Brenner v. City of Woonsocket, No. C.A. 92-0157L, 1993 WL 528176, at *2 (D.R.I. July 16, 1993) (citing United States v. Ayer, 857 F.2d 881, 885 (1st Cir. 1988) ("Congress, we believe, intended Rule 4(j) to be a useful tool for docket management, not an instrument of oppression.")). Considering Plaintiff's *pro se* status, Plaintiff's initial attempt at service to Defendant's last known address was in good faith. [ECF No. 7 at 2]. Plaintiff's telephone communications with Defendant also support his assertion that he reasonably believed his initial attempt at service had been successful. With these facts in mind, the Court concludes it is reasonable for a *pro se* plaintiff, who is unfamiliar with the rules of procedure, to believe service

6

was successful after such a communication. [Id.]; see Robinson-McLaughlin v. McDonough, No. 21-CV-30123-KAR, 2024 WL 1771294, at *2 (D. Mass. Apr. 23, 2024) ("Plaintiff's . . . pro se status and lack of familiarity with the federal court's rules . . . establishes good cause for the delay in service.") Considering the totality of the circumstances, the Court concludes Plaintiff has demonstrated good cause under Rule 4(j). See Stevens, 1995 Mass. App. Div. 9, at *2 (citing Shuman, 571 N.E.2d at 635) ("A determination of 'good cause' rests within the trial judge's discretion.")

**B.  Motion for a More Definite Statement**

In the alternative, Defendant moves for a more definite statement under Fed. R. Civ. P. 12(e), arguing that Plaintiff's Complaint fails to provide fair notice of Plaintiff's claims. [ECF No. 6 at 6–7]. The Court agrees.

Plaintiff makes several factual allegations but identifies no legal claims and alleges no discernible legal basis for relief. [See generally Compl.] Even under a liberal construction of the Complaint, mindful of Plaintiff's *pro se* status, the Court cannot discern an actionable claim. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (a *pro se* litigant's filings are to be "liberally construed"). Plaintiff asserts that "Defendant violated my right as a customer initiating retaliatory actions against me because I spoke out," and that the "hold placed automatically on my check deposit . . . was unlawful discrimination," but provides no further explanation of either the "right" that was violated or of the manner of "unlawful discrimination". [Compl. at 7–8]. These assertions are "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). Accordingly, Defendant's Motion for a More Definite Statement is allowed and, should he choose to proceed with his claims, Plaintiff shall file an amended complaint.

The Court also notes that Plaintiff did not contest Defendant's Motion for a More Definite Statement, instead choosing to reply with a proposed amended complaint. [ECF No. 7 at 6; ECF No. 12-1 at 1–7]. Defendant concedes that Plaintiff's proposed amended complaint resolves the underlying concerns of its Rule 12(e) motion. [ECF No. 11 at 3]. Plaintiff may file his proposed amended complaint in compliance with this order, though there is no obligation to; Plaintiff may also file a different amended complaint so long as it addresses the pleading deficiencies identified in this order.

Because the action was removed on diversity grounds, the Court also notes that diversity jurisdiction under 28 U.S.C. § 1332 requires diversity of parties *and* a showing of the requisite amount in controversy. Although both parties assert the amount in controversy to be over $75,000, this must be grounded in the factual allegations and claims for relief within the Complaint. See Connor v. Goldsmith, No. 4:24-CV-40127-MRG, 2025 WL 3537392, at *2 (D. Mass. Dec. 10, 2025) ("[Plaintiff]'s bare allegation that their claim meets the amount in controversy requirement for diversity subject matter jurisdiction is insufficient.")

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Defendant's Motion to Dismiss, [ECF No. 5], is **<u>DENIED,</u>** and Defendant's Motion for a More Definite Statement, [<u>Id.</u>], is **<u>GRANTED</u>**. If Plaintiff wishes to proceed, he shall file an amended complaint within thirty (30) days that addresses the pleading deficiencies identified above. Failure to do so may result in dismissal of this action.

* * *

*Plain Language Summary for Pro Se Litigant*

- **Your case was not dismissed, but your Complaint must be amended.**
  - o Massachusetts law requires a plaintiff to formally deliver ("serve") the complaint to the defendant within 90 days of filing. You filed on May 19, 2025, so TD Bank

   needed to be served by August 17, 2025. It wasn't served until October 21, 2025, over two months late.
- o When service is that late, the case can only continue if you show "good cause": real, ongoing efforts to serve the defendant, with the delay not your fault.
- o Because you represented yourself, made an initial good-faith effort to serve TD Bank, and reasonably believed service had been completed after your communications with TD Bank, the Court found good cause for the delay.
- **What happens now?**
  - o Because you're representing yourself, and because you've already submitted a proposed amended complaint, the Court is giving you a chance to fix the problem rather than closing the case outright. You have the option of taking no action and letting the case be terminated. If you'd like to keep the case open:
    - You have 30 days from the date of this Order to file an amended complaint that fixes the problems described above.
    - If you file an amended complaint on time, the case will continue.
- **You may do nothing and end your lawsuit.**
  - o You may also choose not to file an amended complaint. If you do not do so, the Court may dismiss your case.

**SO ORDERED.**

Dated: August 7, 2026

                    /s/ Margaret R. Guzman
                    Margaret R. Guzman
                    United States District Judge